Lawrence H. Meuers (LM-3461)
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, Florida 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW GENERATION PRODUCE CORP., a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WAN XING LONG, INC. d/b/a MAPLE SUPERMARKET, a New York corporation, SIN TUNG CHAN, an individual, KENNY CHAN, an individual, and BI ZHEN ZHANG, an individual,<br><br>Defendants. | CASE NO.: 08-cv-4485-(NGG)<br><br><br>FIRST AMENDED COMPLAINT |

COMES NOW Plaintiff, New Generation Produce Corp., and for its Complaint, respectfully states as follows:

### THE PARTIES

1. Plaintiff is New Generation Produce Corp. ("New Generation"), a New York corporation with its principal place of business located at 195 Lombardy Street, Brooklyn, New York.

2. Plaintiff is engaged in the business of buying and selling wholesale

quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

3. Defendants are:

a) Wan Xing Long, Inc. d/b/a Maple Supermarket (the "Debtor" or "Maple Supermarket"). Upon information and belief, Maple Supermarket is a New York corporation with its principal place of business located at 4201 Main Street, Flushing, New York, and was and is at all times pertinent herein, a dealer and commission merchant subject to the provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499t (the "PACA");

b) Sin Tung Chan ("S. Chan"), an individual. Upon information and belief, S. Chan is Chairman and Chief Executive Officer of Maple Supermarket and in that capacity, controlled or was in a position to control the assets of Maple Supermarket. Upon information and belief, S. Chan is a resident of Queens County, New York;

c) Kenny Chan ("K. Chan"), an individual. Upon information and belief, K. Chan is an officer, director, shareholder or employee of Maple Supermarket and in that capacity, controlled or was in a position to control the assets of Maple Supermarket. Upon information and belief, K. Chan is a resident of Queens County, New York; and

d) Bi Zhen Zhang ("Zhang"), an individual. Upon information and belief, Zhang is an officer, director, shareholder or employee of Maple Supermarket and in that capacity, controlled or was in a position to control the assets of Maple Supermarket. Upon information and belief, Zhang is a resident of Queens County, New York.

4. Maple Supermarket, S. Chan, K. Chan and Zhang will be collectively referred to as "Defendants." S. Chan, K. Chan and Zhang will be collectively referred to at times as the "Principals."

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this civil action arising under §5(c)(5) of the PACA, 7 U.S.C. §499e(c)(5), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

6. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

//

//

# CLAIMS FOR RELIEF

## COUNT I

## DEFENDANT MAPLE SUPERMARKET

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
### 7 U.S.C. §499e(c)(4)

7.   Plaintiff re-alleges paragraphs 1 through 6 as if stated herein.

8.   At all times relevant to this action, Maple Supermarket was a commission merchant, dealer or broker operating subject to the provisions of PACA.

9.   Between August 30, 2008 and September 22, 2008, Plaintiff sold to Maple Supermarket in interstate commerce, and Maple Supermarket purchased from Plaintiff, Produce in the total amount of $16,908.00.

10.   Plaintiff delivered the Produce to Maple Supermarket and Maple Supermarket accepted the Produce from Plaintiff.

11.   Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Maple Supermarket's receipt of the Produce, Maple Supermarket became trustee of the PACA trust for the benefit of Plaintiff in the amount of $16,908.00. The PACA trust consists of all Maple Supermarket's inventories of Produce, food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA trust are hereinafter referred to as "PACA Trust Assets").

12. Plaintiff gave written notice of intent to preserve trust benefits to Maple Supermarket in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and by sending those invoices to Maple Supermarket.

13. Maple Supermarket failed to pay for the Produce despite Plaintiff's repeated demands.

14. Pursuant to PACA, 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from Maple Supermarket's PACA Trust Assets.

15. Plaintiff seeks the entry of an Order declaring that it is a PACA trust beneficiary of Maple Supermarket with a valid PACA trust claim in the amount of $16,908.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT II

### DEFENDANT MAPLE SUPERMARKET

#### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
*7 U.S.C. §499e(c)*

16. Plaintiff re-alleges paragraphs 1 through 15 as if stated herein.

17. Maple Supermarket is in possession, custody and control of PACA Trust Assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

18. Maple Supermarket failed to pay Plaintiff for the shipments of Produce listed above at paragraph 9 from the PACA Trust Assets.

19. As a direct result of Maple Supermarket's failure to promptly pay Plaintiff, Plaintiff suffered damages that are covered under the PACA trust in the amount of $16,908.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

20. Plaintiff seeks the entry of an Order directing Maple Supermarket to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $16,908.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III

### DEFENDANT MAPLE SUPERMARKET

### VIOLATION OF THE PACA: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
*7 U.S.C. §499e(c)*

21. Plaintiff re-alleges paragraphs 1 through 20 as if stated herein.

22. Maple Supermarket received each of the shipments of Produce identified in paragraph 9 above.

23. Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

24. PACA requires Maple Supermarket, as a PACA trustee, to hold its PACA Trust Assets in trust for the benefit of Plaintiff and all other unpaid suppliers

of Produce until all such suppliers have received full payment.

25. Maple Supermarket has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims including Plaintiff's asserted herein.

26. As a direct result of Maple Supermarket's failure to properly maintain and protect the PACA Trust Assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the amount of $16,908.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

27. Plaintiff seeks entry of an Order creating a common fund from which all PACA trust beneficiaries may be paid by directing Maple Supermarket to maintain PACA Trust Assets equal to the sum of $16,908.00, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA trust claims, directing Maple Supermarket to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Maple Supermarket from dissipating PACA Trust Assets.

## COUNT IV

## DEFENDANT MAPLE SUPERMARKET

### VIOLATION OF PACA: FAILURE TO PAY PROMPTLY

28. Plaintiff re-alleges paragraphs 1 through 27 as if stated herein.

29. Maple Supermarket received each of the shipments of Produce identified in paragraph 9 above.

30. PACA requires all commission merchants, dealers, or brokers to make

full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

31. Maple Supermarket failed to pay these invoices within the payment terms.

32. As a direct result of Maple Supermarket's failure to pay for each invoice within terms, Plaintiff has incurred damages in the amount of $16,908.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

33. Plaintiff seeks entry of an Order directing Maple Supermarket to immediately pay Plaintiff the sum of $16,908.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT V

### DEFENDANT MAPLE SUPERMARKET

### BREACH OF CONTRACT

34. Plaintiff re-alleges paragraphs 1 through 33 as if stated herein.

35. Plaintiff and Maple Supermarket entered into contracts under which Plaintiff agreed to sell the Produce and Maple Supermarket agreed to purchase the Produce, each of which is described in paragraph 9 above.

36. Maple Supermarket breached its contracts with Plaintiff by failing to pay for each shipment of Produce.

37. As a direct result of Maple Supermarket's breach of contract, Plaintiff has incurred damages in the amount of $16,908.00, plus interest from the date each

invoice became past due, costs and attorneys' fees.

38. Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against Maple Supermarket in the amount of $16,908.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT VI

## THE PRINCIPALS – S. CHAN, K. CHAN AND ZHANG

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

39. Plaintiff re-alleges paragraphs 1 through 38 as if stated herein.

40. At all times relevant to this action, the Principals were officers, directors, shareholders or employees of Maple Supermarket.

41. As the Principals of Maple Supermarket, S. Chan, K. Chan and Zhang each had a duty to ensure that Maple Supermarket fulfill its duties as a PACA trustee, and maintain PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient trust assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as they became due.

42. The Principals had full knowledge and responsibility for the handling of Maple Supermarket's duties as trustee of the PACA trust.

43. The Principals controlled or had a duty to control Maple Supermarket's operations and financial dealings, including those involving the PACA Trust Assets.

44. Maple Supermarket breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

45. The Principals breached their respective fiduciary duties to direct Maple Supermarket to fulfill its duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce supplied by it to Maple Supermarket.

46. As a direct result of the Principals' respective breaches of fiduciary duty, Plaintiff has incurred damages in the amount of $16,908.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

47. The Principals are personally liable to Plaintiff for their respective breaches of their respective fiduciary duties in dissipating the PACA trust to the extent of $16,908.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

48. Accordingly, Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the amount of $16,908.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VII

### THE PRINCIPALS – S. CHAN, K. CHAN AND ZHANG

### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

49. Plaintiff re-alleges paragraphs 1 through 48 as if stated herein.

50. Upon information and belief, Maple Supermarket transferred PACA Trust Assets to one or more of the Principals.

51. These transfers of PACA Trust Assets were made in breach of the PACA trust.

52. The Principals continue to hold any and all PACA Trust Assets having come into their respective individual possession as trustees for Plaintiff's beneficial interest in the PACA Trust.

53. As a direct result of Principals' receipt and retention of PACA Trust Assets, Plaintiff has incurred damages in the amount of $16,908.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

54. Accordingly, Plaintiff seeks entry of an Order requiring the Principals to disgorge and transfer any and all PACA Trust Assets that come into their possession and control to Plaintiff to the extent of $16,908.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VIII

### THE PRINCIPALS – S. CHAN, K. CHAN AND ZHANG

**FRAUDULENT TRANSFER**
**New York's Debtor and Creditor Law, N.Y. CLS Dr & Cr § 1, et. seq. (2008).**

55. Plaintiff re-alleges paragraphs 1 through 54 as if stated herein.

56. Upon information and belief, Maple Supermarket transferred its assets

to the Principals and to other unknown third parties.

57. These transfers were made after the claims of Plaintiff and other PACA trust beneficiaries arose.

58. These transfers were made to or for the benefit of insiders of Maple Supermarket on antecedent debts and were made without consideration.

59. Maple Supermarket was insolvent at the time of these transfers.

60. At the time of these transfers, the recipients had reasonable cause to believe that Maple Supermarket was insolvent.

61. These transfers were fraudulent transfers as proscribed by New York's Uniform Fraudulent Transfers Act, New York's Debtor and Creditor Law, N.Y. CLS Dr & Cr § 1, et. seq. (2008).

62. Accordingly, Plaintiff seeks entry of an Order, as provided by N.Y. CLS Dr & Cr §273, avoiding the transfers, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff to the extent of $16,908.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiff respectfully requests the entry of an Order providing as follows:

    A. As to Count I, declaring that Plaintiff is a PACA trust beneficiary of Maple Supermarket with a valid PACA trust claim in the amount of $16,908.00, plus interest from the date each invoice became past due,

costs and attorneys' fees;

B. As to Count II, directing Maple Supermarket to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $16,908.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

C. As to Count III, directing Maple Supermarket to maintain PACA Trust Assets equal to the sum of $16,908.00, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA trust claims, enjoining Maple Supermarket from dissipating PACA Trust Assets and directing Maple Supermarket to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims;

D. As to Count IV, directing Maple Supermarket to immediately pay Plaintiff the sum of $16,908.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

E. Enter Final Judgment in favor of Plaintiff and against Maple Supermarket on Counts I through V, in the amount of $16,908.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

F. As to Count VI, entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the amount of $16,908.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets;

G. As to Count VII, requiring the Principals to disgorge and transfer any and all PACA Trust Assets that came into their possession and control to Plaintiff in the amount of $16,908.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets;

H. As to Count VIII, pursuant to N.Y. CLS Dr & Cr §273, avoiding the transfers and ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff in the amount of $16,908.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets; and,

I. Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted this Thursday, January 15, 2009.

**MEUERS LAW FIRM. P.L.**

By: /s/Lawrence H. Meuers
Lawrence H. Meuers (LM-3461)
5395 Park Central Court
Naples, Florida  34109
Telephone: (239) 513-9191
Facsimile:  (239) 513-9677
lmeuers@meuerslawfirm.com

Attorneys for Plaintiff