UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NEW GENERATION PRODUCE CORP.,
a New York Corporation

                                       Plaintiff,          Civil Action No.: 08-cv-4485-NGG

-against-                                      **ANSWER**

WAN XING LONG, INC. d/b/a MAPLE SUPERMARKET,
a New York Corporation, SIN TUNG CHAN, an individual,
KENNY CHAN, an individual, and BI ZHEN ZHANG, an individual,

                                  Defendants,         **JURY TRIAL**
                                                         **DEMANDED**
-------------------------------------------------------------------X
**ANSWER**

     Defendants, WAN XING LONG, INC, SIN TUNG CHAN, KENNY CHAN, and BI ZHEN ZHANG, by its undersigned counsel, answers the first amended complaint of Plaintiff, NEW GENERATION PRODUCE CORP., as follows:

## THE PARTIES

1)     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraphs 1 and 2 of this section.

2)     Defendants admit paragraph 3(a) as to the place of business. Not enough information or knowledge as to its subjection to "PACA".

3)     Not enough information to admit or deny paragraph 3b.

4)     Denies each and every allegation in paragraphs 3c, and 4, except for that Kenny Chan is an employee only.

5)     Denies each and every allegation in paragraph 3d, except for the position of shareholder.

## JURISDICTION AND VENUE

6) The allegation contained in paragraph 5 is a conclusion of law to which no response is required, but to the extent that the averment may be deemed a fact, it is denied.

7) The allegation contained in this paragraph 6 is a conclusion of law to which no response is required, but to the extent that a response is required, it is denied.

## CLAIMS FOR RELIEF

### COUNT I – Defendant Maple Supermarket

8) As to paragraph 7, Defendants repeat their answers as to each allegations pertaining to paragraphs 1 through 6 set forth above as though set forth fully and at length herein.

9) Not enough information to admit or deny paragraphs 8.

10) Not enough information to admit or deny the allegation of paragraph 9.

11) Admits the allegation in paragraph 10

12) Not enough information to admit or deny the allegation of paragraph 11; except denies the amount stated therein.

13) Not enough information to admit or deny the allegation of paragraph 12.

14) Denies the allegation of paragraph 13.

15) Not enough information to admit or deny the allegation of paragraph 14.

16) The allegation contained in this paragraph 15 is a conclusion of law to which no response is required, but to the extent that a response is required, it is denied; The amount stated therein is denied.

## COUNT II – Defendant Maple Supermarket

17) As to paragraph 16, Defendants repeat their answers as to each allegations pertaining to paragraphs 1 through 15 set forth above as though set forth fully and at length herein.

18) Not enough information to admit or deny the allegations of paragraph 17.

19) Not enough information to admit or deny the allegations of paragraph 18, 19.

20) The allegation contained in this paragraph 15 is a conclusion of law to which no response is required, but to the extent that a response is required, it is denied; The amount stated therein is denied.

## COUNT III – Defendant Maple Supermarket

21) As to paragraph 21, Defendants repeat their answers as to each allegations pertaining to paragraphs 1 through 20 set forth above as though set forth fully and at length herein.

22) Not enough information to admit or deny the allegations of paragraph 22 through 26.

23) Not enough information to admit or deny the allegations of paragraph 22

24) Not enough information to admit or deny the allegations of paragraph 25, 26 and 27.

25) The allegation contained in this paragraph 15 is a conclusion of law to which no response is required, but to the extent that a response is required, it is denied; The amount stated therein is denied.

## COUNT IV – Defendant Maple Supermarket

26) As to paragraph 28, Defendants repeat their answers as to each allegations pertaining to paragraphs 1 through 27 set forth above as though set forth fully and at length herein.

27) Not enough information to admit or deny the allegations of paragraph 29 through 32.

28) The allegation contained in this paragraph 33 is a conclusion of law to which no response is required, but to the extent that a response is required, it is denied; The amount stated therein is denied.

## COUNT V – Defendant Maple Supermarket

29) As to paragraph 34, Defendants repeat their answers as to each allegations pertaining to paragraphs 1 through 33 set forth above as though set forth fully and at length herein.

30) Denies each and every allegation in paragraphs 35 and 36.

31) Not enough information to admit or deny the allegations of paragraph 37.

32) The allegation contained in this paragraph 38 is a conclusion of law to which no response is required, but to the extent that a response is required, it is denied; The amount stated therein is denied.

## COUNT VI – The Principals

33) As to paragraph 39, Defendants repeat their answers as to each allegations

pertaining to paragraphs 1 through 38 set forth above as though set forth fully and at length herein.

34) Denies Paragraph 40 in its entirety as to allegations against K. CHAN; Admits allegations against S. CHAN in para. 40. Denies allegations in para. 40 against ZHANG, except admits he is a shareholder.

35) Denies each and every allegation in paragraphs 41, 42 and 43.

36) Not enough information to admit or deny the allegations in paragraph 44.

37) Denies each and every allegation in paragraphs 45, 46, 47 and 48.

### COUNT VII- The Principals

38) As to paragraph 49, Defendants repeat their answers as to each allegations pertaining to paragraphs 1 through 48 set forth above as though set forth fully and at length herein.

39) Denies each and every allegation in paragraphs 50, 51, 52, 53 and 54.

### COUNT VIII- The Principals

40) As to paragraph 55, Defendants repeat their answers as to each allegations pertaining to paragraphs 1 through 54 set forth above as though set forth fully and at length herein.

41) Denies each and every allegation in paragraph 56 through 62.

### **AFFIRMATIVE DEFENSES**

The Defendants, for its affirmative defenses states as follows:

1. The Complaint fails to state any claims upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrine of unclean hands.

3. Plaintiff's claims are barred by the doctrine of laches.

4. Plaintiff's claims are barred by the doctrine of acquiescence.

7. Plaintiff's claims are barred by the doctrine of estoppel.

8. Plaintiff's claims are barred by waiver.

9. Upon information and belief, any harm, if any, which was sustained by plaintiff was a result of their own culpable conduct.

10. Defendants reserves the right to assert additional affirmative defenses based upon further investigation and discovery.

**WHEREFORE,** Defendant demands judgment dismissing the complaint in its entirety for failure to state a cause of action upon which relief may be granted, together with any such other and further relief the Court deems just.

Dated: New York, New York
March 16, 2009

Respectfully submitted,

CALLE & ASSOCIATES

By:_____
Victoria Calle, Esq.
Attorney for Defendant
11 E. Broadway, Suite 8B
New York, NY 10038
(212) 480-1616

To:   Lawrence H. Meuers
      Meuers Law Firm, P. L.
      5395 Park Central Court
      Naples, FL 34109
      Tel: (239) 513-9191
      Fax: (239) 513-9677
      lmeuers@meuerslawfirm.com